IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOANNA O. EASTERLY,

        Plaintiff,                  No. CIV S-07-1259 LEW DAD PS

        vs.

DEPARTMENT OF THE ARMY,      <u>ORDER</u>
et al.,

        Defendants.

_____/

        Plaintiff, proceeding pro se, has requested leave to proceed with this case in forma pauperis pursuant to 28 U.S.C. § 1915. She has also requested that the court appoint counsel. The proceeding has been referred to the undersigned pursuant to Local Rule 72-302(21) and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a)(1). Plaintiff's request for leave to proceed in forma pauperis will therefore be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the inquiry require by the statute. Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to dismiss the case at any time if the allegation of poverty is found to be untrue, or if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be

1

granted, or seeks monetary relief against an immune defendant.  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327;28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

The present complaint appears to concern a claim of employment discrimination.  The two named defendants are the Department of the Army and Pete Geren, Secretary of the Army.  In her two-page, unsigned pleading, plaintiff asserts that she highly disagrees "with EEOC judge's decision."  She lists her claims as discrimination, FMLA violation due to daughter with medical disability, sexual harassment, hostile work environment, retaliation, and continuing retaliatory harassment.  Plaintiff seeks relief that includes monetary compensation; reversal of all sick leave, including five weeks of work-related stress leave; removal of personnel from their positions and locations to achieve zero tolerance of sexual harassment, retaliation, and other wrongs; zero tolerance for soldiers who repeatedly test positive for drugs; mandatory training classes on a regular basis on diversity, consideration of others, and other topics; and a transfer and training, in her current grade or higher, into another federal civil service position.  The

complaint alleges no facts concerning the EEOC judge's decision, no facts concerning the conduct of the defendants, and no factual basis for any claim listed in the complaint.

Plaintiff's complaint is so incomplete that the court is unable to determine whether the action states any claim for relief. The court has determined, however, that the complaint does not contain the short and plain statement of claims required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and allege facts that state the elements of each claim both plainly and succinctly. See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity specific acts which each defendant engaged in that support plaintiff's claims. See id.

Because plaintiff's complaint does not comply with the requirements of Rule 8, the complaint must be dismissed. The court will, however, grant leave to file an amended complaint that comports with the rule. If plaintiff chooses to proceed with this case, she must sign her amended complaint and set forth the grounds upon which this court's jurisdiction depends. See Fed. R. Civ. P. 8(a)(1).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to a prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, her original pleading will no longer serve any function in the case. Thus, in an amended complaint, just as in the original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Moreover, plaintiff's amended complaint must include clear and concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims. Plaintiff is forewarned that failure to file an amended complaint which comports with this order will result in a recommendation that this action be dismissed for failure to state a claim on which relief can be granted.

Turning to plaintiff's motion for appointment of counsel, the court finds that the motion consists of a single incomplete sentence: "I request an be appointed to me." Three factors are relevant to the determination of whether counsel should be appointed to represent a plaintiff in an employment discrimination case such as this one appears to be: (1) plaintiff's financial resources, (2) the efforts already made by plaintiff to secure counsel, and (3) whether plaintiff's claims have merit. <u>Bradshaw v. Zoological Soc'y of San Diego</u>, 662 F.2d 1301, 1318 (9th Cir. 1981). Appointment of counsel is not a matter of right. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 269 (9th Cir. 1982).

Here, plaintiff has made an adequate showing of indigency, thereby satisfying the first factor. The second factor has not been satisfied because plaintiff's motion does not reveal any effort to secure counsel. As to the third factor, while the court has not prejudged the case, plaintiff has not shown that her claims have merit such that counsel should be appointed. For these reasons, plaintiff's motion for appointment of counsel will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis is granted;

2. Plaintiff's motion for appointment of counsel is denied;

3. Plaintiff's complaint is dismissed;

4. Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

DATED: June 29, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
DDad1\orders.prose\easterly1259.ifp.lta.Bradshaw