IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOANNA O. EASTERLY,

    Plaintiff,                    No. CIV S-07-1259 LEW DAD PS

    vs.

DEPARTMENT OF THE ARMY,      ORDER
et al.,

    Defendants.

_____/

On December 11, 2007, the pro se plaintiff was ordered to show cause in writing why this case should not be dismissed for lack of prosecution. Any written response was to be accompanied by plaintiff's statement advising the court of the date on which she submitted all required documents to the United States Marshal for service of process. Plaintiff has filed a timely response to the order to show cause together with a statement concerning submission of documents to the United States Marshal.

Plaintiff's response reveals that she failed to comply with the court's November 6, 2007 order in multiple ways. The order provides that plaintiff "shall submit the properly completed materials for service . . . *to the United States Marshal within twenty (20) days* after being served with this order." (Order filed Nov. 6, 2007, at 2 (emphasis added).) The order further provides that "[w]ithin five days after submitting the materials for service and copy of

this order *to the United States Marshal*, plaintiff *shall file a statement with the court* advising the court of the date upon which the documents were submitted *to the United States Marshal*."  (Id. at 2 (emphasis added).)  Plaintiff's twenty-day period for submitting materials to the Marshal expired on November 29, 2007, twenty-three days after service.  See Fed. R. Civ. P. 6(d).  Plaintiff's statement of submission indicates that the documents for service were not submitted to the United States Marshal until December 3, 2007.

With regard to the failure to deliver the documents to the Marshal on or before November 29, 2007, plaintiff states that the person who prepared the documents for her thought plaintiff had received the court's order on November 16, 2007 and that plaintiff had twenty days from that date to submit the documents to the Marshal.  Plaintiff is now on notice that Rule 6 of the Federal Rules of Civil Procedure governs the computation of periods of time specified in the Federal Rules of Civil Procedure, the Local Rules, court orders, and statutes.[1]

With regard to the failure to file the statement required by the court's order, plaintiff states that (1) she sent someone to drop off the documents at the Marshal's Office on December 3, 2007, (2) the person took the documents to the Clerk's Office for review and then took them to the Marshal's Office but had to obtain more copies for the Marshal's use, (3) plaintiff believed that the Clerk "had noted on my case record that the required service documents were being submitted to the Marshal's Office for service on the Defendants," and (4) plaintiff "assumed the Statement was not needed since the documents were reviewed by the District Court Clerk, wherein [she] thought it had been officially recorded that the documents were prepared and ready for service."  Plaintiff is advised to read court orders more carefully.  The order filed November 6, 2007, states three times that the materials for service are to be

---

[1] "Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules.  All obligations placed on 'counsel' by these Local Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules."  Local Rule 83-183(a).

1 submitted to the United States Marshal.  Absent from the order is any instruction to submit the
2 materials to the Clerk for review.  The Clerk properly made no notation on the docket concerning
3 the presentation of materials on plaintiff's behalf.  Moreover, any such notation by the Clerk
4 would not have constituted evidence that the documents were in fact submitted to the Marshal's
5 Office.  Plaintiff is cautioned that when an order provides that a party "shall" perform an act, the
6 party is required to comply or seek relief from the court.

In the interests of justice, IT IS HEREBY ORDERED that the court's December 11, 2007 order to show cause is discharged and the case will proceed.

DATED: December 19, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.pro se\easterly1259.discharge.osc