IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOANNA O. EASTERLY,

    Plaintiff,                  No. CIV S-07-1259 JAM DAD PS

    v.

DEPARTMENT OF THE ARMY,
et al.,
                                 FINDINGS AND RECOMMENDATIONS
    Defendants.
_____/

       This case came before the court on April 18, 2008, for hearing of the motion to dismiss brought by defendants Department of the Army ("Army") and Equal Employment Opportunity Commission ("EEOC"), and the partial motion to dismiss brought by defendant Pete Geren, Secretary of the Army ("Secretary"). The pro se plaintiff appeared on her own behalf. Lynn Trinka Ernce, Esq. appeared on behalf of the moving parties.

       Upon consideration of all written materials filed in connection with defendants' motions, the parties' arguments in open court, and the entire file, the undersigned recommends that defendants' motions be granted.

## PLAINTIFF'S CLAIMS

       When plaintiff commenced this action, she was a member of the California Army National Guard and an employee of the Department of the Army. On June 28, 2007, plaintiff

commenced this action by filing a complaint in which she disagreed with an unspecified EEOC decision and alleged various forms of discrimination by defendants Army and Secretary. The vague and conclusory pleading was dismissed with leave to amend. Plaintiff filed a timely amended complaint on July 27, 2007, alleging four claims against defendants Army, Secretary, EEOC, and Does 1-50. The court authorized service of the amended complaint on defendants Army, Secretary, and EEOC.

In Claim I, plaintiff alleges that she repeatedly requested a day of leave for the day of a mandatory event in May 2003 due to her disabled daughter's illness, but the requests were denied and she was forced to take her daughter with her to the event, to the detriment of the child's health. Plaintiff alleges that the denial of leave constituted discrimination by defendants Army and Secretary in violation of the Family Medical Leave Act ("FMLA"), the Americans With Disabilities Act ("ADA"), the Due Process Clauses of the Fifth and Fourteenth Amendments, Title VII, 42 U.S.C. §§ 1983 and 1985, and 18 U.S.C. § 245.

In Claim II, plaintiff describes an incident that occurred on December 7, 2003, when a co-worker made a derogatory gesture toward plaintiff, stared at her, and made sexual gestures within plaintiff's personal space. Plaintiff alleges that there were four witnesses, she reported the incident through the chain of command, no action was taken, the co-worker continued to harass her, and her subsequent complaints about harassment were ignored. Plaintiff alleges that defendants Army and Secretary caused or permitted a hostile work environment, gender discrimination, and sexual harassment, in violation of plaintiff's rights under Title VII and her rights to due process under the Fifth and Fourteenth Amendments.

In Claim III, plaintiff alleges that she was retaliated against in various ways after she contacted the EEO Office to file a complaint in June 2004. She alleges that various individuals refused to assist her with a pay issue, placed an offensive screensaver on her phone, wrote a negative performance appraisal related to her personal family issues, refused to promote her, and moved her to a lower pay grade position with no computer, phone or desk, which caused

plaintiff to suffer such severe stress that she was forced to take five weeks off from work. Plaintiff alleges that defendants Army, Secretary, and EEOC caused or permitted the discrimination, retaliation, and hostile work environment to occur, in breach of their duties to plaintiff and in violation of her rights.

In Claim IV, plaintiff alleges that she was traumatized by a hostile work environment, on-going retaliation, and continuing harassment that was caused or permitted by defendants Army, Secretary, and EEOC. Plaintiff alleges that defendants violated her rights under the Fifth and Fourteenth Amendments, 42 U.S.C. §§ 1983 and 1985, and 18 U.S.C. § 245.

Plaintiff seeks only monetary damages, together with interest, costs, and attorney's fees.

ANALYSIS

Defendants' motion for dismissal and for partial dismissal has been brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Under Rule12(b)(1), defendants contend that the court lacks jurisdiction over many of plaintiff's claims. Under Rule 12(b)(6), defendants contend that some of plaintiff's claims fail to state a claim upon which relief can be granted.

I. Legal Standards Applicable to Motions Brought Pursuant to Fed. R. Civ. P. 12(b)(1) & (6)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

In the present case, defendants' Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact as to certain claims. When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, no presumption of truthfulness attaches to the

1 plaintiff's allegations. Id. "[T]he district court is not restricted to the face of the pleadings, but
2 may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning
3 the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).
4 When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff
5 will have the burden of proof that jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d
6 at 733.

7 In contrast to a Rule 12(b)(1) motion, the purpose of a motion to dismiss pursuant
8 to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp.
9 Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a
10 cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."
11 Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The plaintiff is required to
12 allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v.
13 Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

14 In determining whether a complaint states a claim on which relief may be granted,
15 the court accepts as true the allegations in the complaint and construes the allegations in the light
16 most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.
17 United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less
18 stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519,
19 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the
20 form of factual allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). The
21 court is permitted to consider material which is properly submitted as part of the complaint,
22 documents not physically attached to the complaint if their authenticity is not contested and the
23 plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los
24 Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

25 As the court explained to plaintiff during oral argument, defendants' motion to
26 dismiss is made on legal grounds rather than factual grounds. The legal issues before the court at

this time do not concern the merits of plaintiff's claims. Defendant's motion pursuant to Rule 12(b)(1) challenges this court's authority to adjudicate the claims plaintiff has alleged against federal defendants. Defendants' motion pursuant to Rule 12(b)(6) challenges the court's ability to grant any relief on plaintiff's claims, even if all of plaintiff's allegations are true.

II. Subject Matter Jurisdiction

Plaintiff's amended complaint prays for an award of monetary damages against two federal agencies and one federal official. Plaintiff's claims are based on various federal statutes and constitutional provisions. Defendants contend that the United States has not waived its sovereign immunity to suits for damages on claims arising under the FMLA, the ADA, 42 U.S.C. §§ 1983 and 1985, and the Due Process Clauses of the Fifth and Fourteenth Amendments. Defendants also assert that plaintiff does not have a private right of action under 18 U.S.C. § 245, a federal criminal statute, and that sovereign immunity is not waived by 28 U.S.C. § 1343, a general jurisdiction statute.

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 287 (1983). Similarly, no federal agency can be sued unless Congress has explicitly revoked that agency's immunity. Gerritsen v. Consulado General de Mexico, 989 F.2d 340, 343 (9th Cir. 1993); City of Whittier v. U.S. Dep't of Justice, 598 F.2d 561, 562 (9th Cir. 1979). Put another way, no court has jurisdiction to award relief against the United States or a federal agency unless the requested relief is expressly and unequivocally authorized by federal statute. United States v. King, 395 U.S. 1, 4 (1969) (citing United States v. Sherwood, 312 U.S. 584, 586-87 (1941)).

"The question whether the United States has waived its sovereign immunity against suits for damages is, in the first instance, a question of subject matter jurisdiction." McCarthy, 850 F.2d at 560. Absent a waiver of sovereign immunity, a claim against the United States must be dismissed for lack of subject matter jurisdiction. Gilbert v. DaGrossa, 756 F.2d

1455, 1458 (9th Cir. 1985). If conditions are attached to legislation that waives the sovereign immunity of the United States, the conditions must be strictly observed by the courts, and exceptions are not to be readily implied. Block, 461 U.S. at 287. See also Cato v. United States, 70 F.3d 1103, 1107 (9th Cir. 1995) ("The terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit.").

In accordance with the principles of sovereign immunity, this court must examine the statutory or constitutional basis for each claim at issue in the pending motion for the purpose of determining whether the United States has waived its sovereign immunity to suit under that statute or constitutional provision and, if so, whether the terms of the waiver permit this court to entertain plaintiff's claims under that statute or constitutional provision.

A. Claims Under the FMLA

"The FMLA grants private and federal employees an entitlement to periods of leave for certain enumerated circumstances." Russell v. U.S. Dep't of the Army, 191 F.3d 1016, 1018 (9th Cir. 1999). Title II of the FMLA governs leave for most federal civil service employees who have completed at least twelve months of service. 5 U.S.C. §§ 6381(1) & 6382(a). Employees covered by Title II include individuals appointed in the civil service by a member of a uniformed service. 5 U.S.C. §§ 2105(a)(1)(C) & 6381(1)(B). Title I governs leave for private employees and all federal civil service employees not covered by Title II. 29 U.S.C. §§ 2611(2) & 2612(a). Despite the fact that Title I and Title II employees have equivalent rights to leave time, "Title I expressly provides a private right of action to remedy employer action violating FMLA rights" while "Title II contains no analogous provision." Russell, 191 F.3d at 1018.

Plaintiff does not dispute that she was an individual appointed in the civil service by a member of a uniformed service and that she had completed at least twelve months of service at the times relevant to this action. As a federal civil service employee covered by Title II of the FMLA, plaintiff does not have a private right of action to remedy a violation of her FMLA rights

by her federal employer. In the absence of a waiver of sovereign immunity for Title II employees, plaintiff's FMLA claims are barred by sovereign immunity and should be dismissed.

B. Claims Under the ADA

The ADA provides that the remedies available under 42 U.S.C. §§ 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9, i.e., Title VII, are also available under the ADA and that those remedies are provided to the EEOC, the Attorney General, and any person alleging employment discrimination on the basis of disability in violation of any provision of the ADA. 42 U.S.C. § 12117(a). However, for ADA purposes, the United States is expressly excluded from the definition of the term "employer." 42 U.S.C. § 12111(5)(B)(i). Thus, by its own terms, the ADA does not apply to claims alleged by federal employees against their employers. See Gray v. United States,, 69 Fed. Cl. 95, 102 (2005) (holding that "the United States has not waived its sovereign immunity to be sued under the ADA ... [and the Court of Federal Claims] has no alternative but to dismiss plaintiff's ADA claim.").

The plaintiff in this case cannot sue her employers, i.e., defendants Army and Secretary, under the ADA because the ADA does not contain a waiver of defendants' sovereign immunity. Nor can plaintiff sue the EEOC under the ADA because the EEOC is an enforcement agency and was not at any time plaintiff's employer. All of plaintiff's ADA claims are barred by sovereign immunity and should be dismissed.

C. Claims Under the Civil Rights Act and the United States Constitution

Plaintiff alleges violations of the Civil Rights Act of 1964, 42 U.S.C. §§ 1983 and 1985, and of the Due Process Clauses of the Fifth and Fourteenth Amendments.

Section 1983 provides that if a person acting under color of state law deprives a citizen of the United States of rights guaranteed by the United States Constitution or a federal law, that person will be liable to the party injured "in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983. Section 1985 proscribes conspiracies to interfere with civil rights. 42 U.S.C. § 1985.

Here, the defendants are two federal agencies and a federal official. "[B]y its very terms, § 1983 precludes liability in federal government actors." Morse v. N. Coast Opportunities, Inc., 118 F.3d 1338, 1343 (9th Cir. 1997) (finding the plaintiff's complaint "invalid on its face in its reliance upon § 1983 as a cause of action against alleged federal government actors"). Neither § 1983 nor § 1985 contains a waiver of sovereign immunity with respect to federal agencies and federal officials, and therefore plaintiff's claims under 42 U.S.C. §§ 1983 and 1985 should be dismissed.

The court has considered whether plaintiff's allegations could be construed as Bivens-type claims. In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, the Supreme Court held that the plaintiff could seek to recover monetary damages for injury sustained when federal officers violated his Fourth Amendment rights. 403 U.S. 388, 392-94, 397 (1971). The Court found that the right to such redress arose directly under the Fourth Amendment. Id. The Bivens remedy is not restricted to claims arising under the Fourth Amendment. See Davis v. Passman 442 U.S. 228, 248-49 (1979) (recognizing a damages remedy, in the context of alleged gender discrimination, for federal officers' violations of the equal protection component of the Fifth Amendment); Gibson v. United States, 781 F.2d 1334, 1341-42 (9th Cir. 1986) (joining other circuits in recognizing that First Amendment claims are properly cognizable through a Bivens-type action). However, "no Bivens-type claim lies against the United States itself," Cato, 70 F.3d at 1110, and the Supreme Court has declined to extend Bivens to permit a damages remedy against federal agencies because "the purpose of Bivens is to deter *the officer*." FDIC v. Meyer, 510 U.S. 471, 485-86 (1994) (italics in original).

In order to have an actionable Bivens-type conspiracy claim, the plaintiff must allege facts showing (1) the existence of an express or implied agreement among federal officers to deprive plaintiff of constitutional rights and (2) an actual deprivation of those rights resulting from the federal officers' agreement. Ting v. United States, 927 F.2d 1504, 1512 (9th Cir. 1991). See generally Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971) (a claim of conspiracy must be

based on allegations that establish the existence of a conspiracy); Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1991) ( "A mere allegation of conspiracy without factual specificity is insufficient to support a claim.").

Here, plaintiff offers only conclusory allegations that the defendants violated her rights under the Due Process Clauses of the Fifth and Fourteenth Amendments. Any Bivens-type claims under the Fourteenth Amendment would have to be dismissed because the Fourteenth Amendment applies only to actions by a State or state actors. San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522, 543 n.21 (1987).

Any Bivens-type claims under the Fifth Amendment would have to be dismissed with respect to defendants Army and EEOC because such claims cannot be brought against federal agencies. FDIC v. Meyer, 510 U.S. at 485-86. Similarly, any Bivens-type claims under the Fifth Amendment would have to be dismissed with respect to defendant Secretary because the defendant has been sued in his official capacity as head of an agency. Id.; Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996). Bivens creates a cause of action only against federal officials who participated directly in the claimed constitutional violation, and the doctrine of respondeat superior cannot be invoked to support such a cause of action. Bibeau v. Pacific Nw. Research Found. Inc., 188 F.3d 1105, 1114 (9th Cir. 1999) (citing Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991)). While plaintiff's amended complaint asserts the existence of Doe defendants, the pleading alleges no facts that would support a Bivens-type due process claim against any individual federal official.

Finally, plaintiff's amended complaint fails to allege facts showing the existence of an agreement among individual federal officials or an actual deprivation of rights resulting from such an agreement. Any Bivens-type conspiracy claim would have to be dismissed.

Accordingly, all of plaintiff's claims under 42 U.S.C. § 1983 and 1985 and all of plaintiff's claims under the Due Process Clauses of the United States Constitution should be dismissed for lack of jurisdiction.

### D. Rights Under 18 U.S.C. § 245

Plaintiff asserts jurisdiction under 18 U.S.C. § 245, a civil rights statute that provides for federal prosecution of persons who intimidate or interfere with persons engaging in federally protected activities, including federal employment. 18 U.S.C. § 245(b)(1). Although the statute provides for penalties ranging from fines to the death penalty, it does not provide for damages to victims and does not provide individuals with a private right of action under the statute. Peabody v. United States, 394 F.2d 175, 177 (9th Cir. 1968) (finding that civil rights statutes such as 18 U.S.C. §§ 241 and 242 "in no respect provide affirmative relief" for litigants alleging constitutional and statutory violations); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (finding that criminal provisions such as 18 U.S.C. §§ 241 and 242 "provide no basis for civil liability"); Evans v. U.S. Dep't of Educ. ex rel. Cal. State Univ. Stanislaus., No. C 05-03185 SI, 2006 WL 294800, at *2 (N.D. Cal. Feb. 7, 2006) (finding no private right of action under 18 U.S.C. §§ 241, 242, and 245); Paulson v. Carter, No. CV-04-1501-HU, 2005 WL 35856, at *8 (D. Or. Jan. 6, 2005) (finding that 18 U.S.C. § 245 is the criminal analog to 42 U.S.C. § 1983 and that criminal statutes provide no private right of action); Cooley v. Keisling, 45 F. Supp. 2d 818, 820 (D. Or. 1999) (noting that 18 U.S.C. § 245 does not grant a private right of action to individuals and that enforcement of the statute rests in the discretion of the Attorney General of the United States). In the absence of a private right of action under 18 U.S.C. § 245, plaintiff's claims under this statute should be dismissed for lack of jurisdiction.

### E. General Jurisdiction Statute 28 U.S.C. § 1343

Plaintiff's amended complaint begins with a statement of jurisdictional grounds. See Fed. R. Civ. P. 8(a)(1). Plaintiff offers a slightly garbled and incomplete version of the language of 28 U.S.C. 1343(a)(3), then lists the various statutory and constitutional bases for her claims, and concludes that, "accordingly, the jurisdiction of this Court is invoked under 28 U.S.C. § 1343(3) [sic] and any applicable pendent state law claims." (Pl.'s Amended Compl. at 1-2.) The pleading contains no further reference to 28 U.S.C. § 1343.

It appears to the court that plaintiff has merely invoked § 1343 as a jurisdictional statute for her § 1983 and § 1985 claims. In the absence of any assertion by plaintiff that § 1343 serves as a waiver of sovereign immunity for any of her claims, it does not appear that there are any § 1343 claims to be dismissed. To the extent that any such claims can be read into the pleading or may be asserted by plaintiff, those claims should be dismissed.

III. <u>Failure to State a Claim</u>

If all claims under the FMLA, the ADA, 42 U.S.C. §§ 1983 and 1985, the Fifth and Fourteenth Amendments, 18 U.S.C. § 245, and 28 U.S.C. § 1343 are dismissed for lack of subject matter jurisdiction, the claims that will remain are plaintiff's claims of discrimination, sexual harassment, hostile work environment, and retaliation arising under Title VII of the Civil Rights Act of 1964 and § 501 of the Rehabilitation Act. Defendants assert that the remaining claims should be dismissed against defendants Army and EEOC and that one category of the remaining claims should be dismissed against defendant Secretary pursuant to Rule 12(b)(6).

    A. <u>Proper Defendant for Title VII and Rehabilitation Act Claims</u>

In an employment discrimination case brought by a federal employee pursuant to Title VII, "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c). <u>See</u> also <u>Vinieratos v. U.S. Dep't of Air Force</u>, 939 F.2d 762, 772 (9th Cir. 1991) ("Title VII requires that in a civil action alleging employment discrimination by the government, 'the head of the department, agency, or unit, as appropriate, shall be the defendant.'"). The procedures set forth in 42 U.S.C. § 2000e-16 are incorporated in the Rehabilitation Act. 29 U.S.C. § 794a(a)(1). In this action, the only proper defendant for plaintiff's claims under Title VII and the Rehabilitation Act is the Secretary of the Army as head of that department. Defendants' motion to dismiss defendant Army from this action should be granted.

Although plaintiff alleges generally that the EEOC violated the same statutes and constitutional rights violated by defendants Army and Secretary, the amended complaint contains

virtually no specific allegations against defendant EEOC. Plaintiff's vague and conclusory allegations fail to state a claim upon which relief may be granted against the EEOC. It would be futile to permit plaintiff to amend her claims against the EEOC because neither the EEOC nor the head of the EEOC can be a proper defendant for plaintiff's claims under Title VII and the Rehabilitation Act. As an enforcement agency, the EEOC is exempt from the definition of "employer" for purposes of Title VII enforcement actions against employers who are alleged to have discriminated against their employees. See 42 U.S.C. §§ 2000e(b) & 2000e-5(f)(3). See also 42 U.S.C. § 2000e-16. As noted above, the Rehabilitation Act incorporates the same provisions in its remedial structure. 29 U.S.C. § 794a(a)(1). Defendants' motion to dismiss defendant EEOC from this action should be granted.

The undersigned will recommend that all of plaintiff's Title VII and Rehabilitation Act claims against defendants Army and EEOC be dismissed without leave to amend. Plaintiff's Title VII and Rehabilitation Act claims should proceed solely against defendant Secretary of the Army.

B. Military Decisions

Defendants seek dismissal of plaintiff's Title VII and Rehabilitation Act claims against the Secretary to the extent that plaintiff challenges actions integrally related to the military's unique structure. Defendants cite plaintiff's allegations regarding denial of a quality step increase, issuance of a negative performance evaluation, and transfer to a different section at a lower grade.

The protections afforded by Title VII and the Rehabilitation Act do not apply to military personnel but do apply to civilian employees of the military and to National Guard technicians who are employed in hybrid military-civilian jobs. Mier v. Owens, 57 F.3d 747, 749 (9th Cir. 1995). At the times relevant to this action, plaintiff was so employed. "Historically, [the Ninth Circuit] has restricted its review of military decision making out of deference 'to the special function of the military in our constitutional structure and in the system of national

defense.'" Frey v. California, 982 F.2d 399, 402 (9th Cir. 1993) (quoting Sebra v. Neville, 801 F.2d 1135, 1140-41 (9th Cir. 1986)). See also Gonzalez v. Dep't of Army, 718 F.2d 926, 930 (9th Cir. 1983) (declining to enter into an area of military expertise despite the plaintiff's claim of intentional race discrimination). Even where a claim concerns a decision rather that is not a traditional military decision, "similar principles apply when Congress or the states take actions affecting the militia." Frey, 982 F.3d at 402.

The Ninth Circuit has determined that the multi-factored Mindes test is the proper standard for determining whether claims brought by National Guard members are reviewable. Christoffersen v. Wash. State Air Nat'l Guard, 855 F.2d 1437, 1440-41 (9th Cir. 1988) (citing Sebra, 801 F.2d at 1141, and Mindes v. Seaman, 453 F.2d 197 (5th Cir. 1971)). Under the Mindes test, as modified by the Ninth Circuit,

> "an internal military decision is unreviewable unless the plaintiff alleges (a) a violation of [a recognized constitutional right], a federal statute, or military regulations; and (b) exhaustion of available intraservice remedies. If the plaintiff meets both prerequisites, the trial court must weigh four factors to determine whether review should be granted:
>
> (1) *The nature and strength of the plaintiff's claim . . . .*
> (2) *The potential injury to the plaintiff if review is refused.*
> (3) *The extent of interference with military functions.*
> (4) *The extent to which military discretion or expertise is involved.*"

Christoffersen, 855 F.2d at 1442 (quoting Khalsa v. Weinberger, 779 F.2d 1393, 1398 (9th Cir. 1985) (internal citation omitted)).

Applying the Mindes test to the present case, the undersigned finds that the four factors to be considered in the second phase of the test, on balance, favor a finding that the specific claims at issue are not reviewable by this court. Plaintiff's claims concerning a step increase, a negative performance evaluation, and a transfer are personnel matters, and the facts alleged by plaintiff do not show that her interest in judicial review of these personnel decisions is stronger than the California Army National Guard's interest in making decisions based on

military standards and needs. Even if the second factor, i.e., potential injury to plaintiff if judicial review is denied, is viewed as weighing in plaintiff's favor, the third and fourth factors weigh against plaintiff because military discretion and expertise are plainly involved in the personnel decisions at issue. Judicial review of such decisions could impede the National Guard in the performance of its duties, impair its ability to make personnel decisions based on "subjective, though appropriate, criteria of military efficiency," and interfere with military functions. 855 F.2d at 1444.

"Courts have declined to review a variety of employment actions involving military personnel because, in the military, 'overriding demands of discipline and duty' prevail, demands which do not have a counterpart in civilian life." Mier, 57 F.3d at 749 (quoting Chappell v. Wallace, 462 U.S. 296, 300 (1983)). See Wenger v. Monroe, 282 F.3d 1068, 1075-76 (9th Cir. 2002) (affirming dismissal of a case where an officer in the California Army National Guard sought relief with respect to a flag placed on his personnel file, observing that "we have emphatically denied invitations to review military personnel decisions"); Sandidge v. State of Washington, 813 F.2d 1025, 1026-27 (9th Cir. 1987) (finding that Mindes factors weighed against reviewability of case where a National Guard officer sought revision of a job performance evaluation, as the evaluation involved military discretion and expertise, and judicial review would require significant interference with military functions). When asked to review employment actions taken against members of the military, "'courts must give great deference to the professional judgment of military authorities.'" Christoffersen, 855 F.2d at 1445 (quoting Goldman v. Weinberger, 475 U.S. 503, 507 (1986)). Accordingly, plaintiff Title VII and Rehabilitation Act claims regarding personnel decisions should be dismissed.

IV. Doe Defendants

"A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related."

| | |
|---|---|
| 1 | Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a dismissal may be |
| 2 | made without notice where the [plaintiff] cannot possibly win relief." Omar v. Sea-Land Serv., |
| 3 | Inc., 813 F.2d 986, 991 (9th Cir. 1987). The court's authority in this regard includes sua sponte |
| 4 | dismissal as to defendants who have not been served and defendants who have not yet answered |
| 5 | or appeared. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. |
| 6 | 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, |
| 7 | on the basis of facts presented by other defendants which had appeared."). See Bach v. Mason, |
| 8 | 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. |
| 9 | 1998). |
| 10 |         The caption of plaintiff's amended complaint lists defendants Does 1-50. The |
| 11 | pleading does not include factual allegations against any unnamed defendant, and plaintiff has |
| 12 | not opposed defendants' suggestion that the Doe defendants be dismissed. The undersigned |
| 13 | finds that the amended complaint fails to allege facts stating a claim upon which relief could be |
| 14 | granted as to any defendant other than defendant Secretary. Claims against additional defendants |
| 15 | would be subject to dismissal for the same reasons claims should be dismissed against the |
| 16 | moving defendants. Moreover, plaintiff did not identify and serve any Doe defendant within 120 |
| 17 | days after filing her amended complaint, and such defendants must be dismissed pursuant to Rule |
| 18 | 4(m) of the Federal Rules of Civil Procedure. |
| 19 | V.  Amendments to Pleadings |
| 20 |         At the hearing, defendants' counsel stated that the answer filed by defendants |
| 21 | Secretary and Army on March 18, 2008 was erroneously filed on behalf of defendant Army. In |
| 22 | accordance with the findings and recommendations set forth above concerning plaintiff's claims |
| 23 | against defendant Army, the court will recommend that defendants be granted leave to file an |
| 24 | amended answer solely on behalf of defendant Secretary. See Fed. R. Civ. P. 15. |
| 25 | ///// |
| 26 | ///// |

CONCLUSION

For the reasons set forth above, IT IS RECOMMENDED that:

1. Defendants' March 18, 2008 motion to dismiss be granted as follows:

    a. Defendants Department of the Army, Equal Employment Opportunity Commission, and Does 1-50 be dismissed with prejudice;

    b. All claims under the Family Medical Leave Act, the Americans With Disabilities Act, 42 U.S.C. §§ 1983 and 1985, the Due Process Clauses of the Fifth and Fourteenth Amendments, 18 U.S.C. § 245, and 28 U.S.C. § 1343 be dismissed with prejudice;

    c. Title VII and Rehabilitation Act claims based on denial of a quality step increase, a negative performance evaluation, and transfer to a different section at a lower grade be dismissed with prejudice; and

    d. All remaining Title VII and Rehabilitation Act claims of discrimination, sexual harassment, hostile work environment, and retaliation proceed solely against defendant Secretary of the Army; and

2. Defendants be granted leave to file an amended Answer to plaintiff's first amended complaint.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed within ten days after the objections are served. The parties are advised that failure to file

/////
/////
/////
/////

1 objections within the specified time may, under certain circumstances, waive the right to appeal
2 the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: May 9, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.pro se/easterly1259.oahmtd.f&r