IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOANNA O. EASTERLY,

    Plaintiff,

v.

PETE GEREN, Secretary of the Army,

    Defendant.

No. CIV S-07-1259 JAM DAD PS

FINDINGS AND RECOMMENDATIONS

This matter came before the court on September 11, 2009 for hearing of defendant's motion for summary judgment (Doc. No. 42). Plaintiff Joanna O. Easterly, proceeding pro se, appeared telephonically on her own behalf. Lynn Trinka Ernce, Esq. appeared on behalf of defendant Pete Geren, Secretary of the Army. Oral argument was heard, and defendant's motion for summary judgment was taken under submission.

For the reasons set forth below, the undersigned now recommends that defendant's motion be granted.

## PLAINTIFF'S CLAIMS

When plaintiff commenced this action, she was a member of the California Army National Guard and an employee of the Department of the Army. On June 28, 2007, plaintiff commenced this action by filing a complaint in which she disagreed with an unspecified EEOC

decision and alleged various forms of discrimination by defendants Army and Secretary. The vague and conclusory pleading was dismissed with leave to amend. Plaintiff filed a timely amended complaint on July 27, 2007, alleging four claims against defendants Army, Secretary, EEOC, and Does 1-50. The court authorized service of the amended complaint on defendants Army, Secretary, and EEOC.

In her amended complaint plaintiff alleged that she repeatedly requested a day of leave for the day of a mandatory event in May 2003 due to her disabled daughter's illness, but the requests were denied and she was forced to take her daughter with her to the event, to the detriment of the child's health. Plaintiff claimed that the denial of leave constituted discrimination by defendants Army and Secretary in violation of the Family Medical Leave Act ("FMLA"), the Americans With Disabilities Act ("ADA"), the Due Process Clauses of the Fifth and Fourteenth Amendments, Title VII, 42 U.S.C. §§ 1983 and 1985, and 18 U.S.C. § 245.

In her amended complaint, plaintiff also describes an incident that occurred on December 7, 2003, when a co-worker made a derogatory gesture toward plaintiff, stared at her, and made sexual gestures within plaintiff's personal space. Plaintiff alleged that there were four witnesses, she reported the incident through the chain of command, no action was taken, the co-worker continued to harass her, and her subsequent complaints about harassment were ignored. Plaintiff alleged that defendants Army and Secretary caused or permitted a hostile work environment, gender discrimination, and sexual harassment, in violation of plaintiff's rights under Title VII and her rights to due process under the Fifth and Fourteenth Amendments.

Next, plaintiff alleged that she was retaliated against in various ways after she contacted the EEO Office to file a complaint in June 2004. She claimed that various individuals refused to assist her with a pay issue, placed an offensive screensaver on her phone, wrote a negative performance appraisal related to her personal family issues, refused to promote her, and moved her to a lower pay grade position with no computer, phone or desk, which caused plaintiff to suffer such severe stress that she was forced to take five weeks off from work. Plaintiff

alleged that defendants Army, Secretary, and EEOC caused or permitted the discrimination, retaliation, and hostile work environment to occur, in breach of their duties to plaintiff and in violation of her rights.

Finally, plaintiff alleged in her amended complaint that she was traumatized by a hostile work environment, on-going retaliation, and continuing harassment that was caused or permitted by defendants Army, Secretary, and EEOC. Plaintiff alleged that defendants violated her rights under the Fifth and Fourteenth Amendments, 42 U.S.C. §§ 1983 and 1985, and 18 U.S.C. § 245.

On May 9, 2008, the undersigned issued findings and recommendations with respect to a motion to dismiss filed by the defendants recommending that the motion to dismiss be granted and that: (a) Defendants Department of the Army, Equal Employment Opportunity Commission, and Does 1-50 be dismissed with prejudice; (b) all claims under the Family Medical Leave Act, the Americans With Disabilities Act, 42 U.S.C. §§ 1983 and 1985, the Due Process Clauses of the Fifth and Fourteenth Amendments, 18 U.S.C. § 245, and 28 U.S.C. § 1343 be dismissed with prejudice; (c) Title VII and Rehabilitation Act claims based on denial of a quality step increase, a negative performance evaluation, and transfer to a different section at a lower grade be dismissed with prejudice; (d) all remaining Title VII and Rehabilitation Act claims of discrimination, sexual harassment, hostile work environment, and retaliation proceed solely against defendant Secretary of the Army; and that defendants be granted leave to file an amended Answer to plaintiff's first amended complaint. Those findings and recommendations were adopted in full by the assigned district judge on September 26, 2008.

On October 9, 2008, the defendant filed an answer to the amended complaint. Thereafter, a scheduling order was issued under which discovery closed in this case on July 10, 2009. The defendant's timely motion for summary judgment now pending before the court with respect to the remaining claims followed.

/////

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I. <u>Legal Standards Applicable to a Motion for Summary Judgment</u>

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). See <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157 (1970); <u>Owen v. Local No. 169</u>, 971 F.2d 347, 355 (9th Cir. 1992).

> A party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

"[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" <u>Celotex Corp.</u>, 477 U.S. at 323. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See <u>id.</u> at 322.

"[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u> Summary judgment should then be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." <u>Id.</u> at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986); <u>First Nat'l Bank of Ariz. v. Cities Serv. Co.</u>, 391 U.S. 253, 288-89 (1968); <u>Ruffin v. County of Los Angeles</u>, 607

4

F.2d 1276, 1280 (9th Cir. 1979).  The opposing party must demonstrate that a fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).  The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

II.  Application of the Standards

Defendant seeks summary judgment on plaintiff's remaining claims initially on the ground that plaintiff failed to properly exhaust her administrative remedies when she filed her formal EEO complaint beyond the fifteen-day statute of limitations set by 29 C.F.R. 1614.106(b).  Defendant seeks summary judgment on plaintiff's disability discrimination claim under the Rehabilitation Act for the additional reason that plaintiff did not contact an EEO counselor about the denial of her leave request for May 1, 2003 until December 2003, far beyond the 45-day statute of limitations set by 29 C.F.R. 1614.105(a)(1).

Defendant argues in addition that, even if plaintiff did not fail to properly exhaust her administrative remedies, summary judgment should be granted in defendant's favor because plaintiff cannot establish each element of her Title VII and Rehabilitation Act claims.  With respect to plaintiff's claim under the Rehabilitation Act, defendant argues that plaintiff herself is not disabled and cannot prove that she was denied leave because of her daughter's disability.  With respect to plaintiff's claim of a sex-based hostile work environment, defendant argues that the few events alleged in plaintiff's complaint were not severe and pervasive enough to alter the terms and conditions of her employment and because plaintiff admitted that one of the events was not based on her sex.

/////

1         Defendant's motion includes a separate statement of undisputed material facts
2 supported by plaintiff's deposition testimony, plaintiff's EEO complaint of discrimination, and
3 the EEO Notice of Final Interview.  Defendant's evidence establishes the following:  (1) plaintiff
4 was denied one day of leave on May 1, 2003; (2) plaintiff did not initiate contact with an EEO
5 counselor regarding that denial of leave until December 2003; (3) plaintiff received and signed
6 her written Notice of Final Interview on September 2, 2004; (4) the Notice of Final Interview
7 advised plaintiff that if she wished to file a formal EEO complaint she must do so "within 15
8 calendar days after the receipt of this notice"; (5) plaintiff did not file her formal EEO complaint
9 until September 24, 2004; (6) plaintiff is claiming that the denial of her leave request for May 1,
10 2003 is discrimination based on her daughter's disability, not on any disability of her own; (7)
11 plaintiff was not disabled on May 1, 2003; (8) all employees who held the rank of E1 through E5
12 were required to attend the off-site team-building scavenger hunt on May 1, 2003; (9) higher
13 ranking employees and civilian employees were not required to participate in the May 1, 2003
14 scavenger hunt; (10) plaintiff's rank on May 1, 2003 was E4; (11) the only military technician
15 who was not required to attend the off-site team-building scavenger hunt was Toni Jaffe, whose
16 rank was E8; Jaffe was excused due to her higher rank and the fact that she was overloaded with
17 work; (12)  Eddie Parker was plaintiff's co-worker, not her supervisor; (13) Paulette Edwards
18 was plaintiff's co-worker, not her supervisor; and (14) the incident during which Sgt. Edwards
19 took plaintiff's cell phone and changed the screensaver to read "Bitch Please" was not based on
20 plaintiff's sex.
21         As required by the standards applicable to motions for summary judgment,
22 defendant has identified portions of the pleadings, materials obtained through discovery, and
23 affidavits that demonstrate the absence of a genuine issue of material fact as to plaintiff's claims.
24 The burden thus shifts to plaintiff to establish that a genuine issue as to any material fact actually
25 does exist.  Plaintiff must demonstrate that any fact in contention is material, i.e., it might affect
26 /////

the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence might lead a reasonable jury to return a verdict for plaintiff.

Plaintiff filed timely opposition to defendant's motion. However, plaintiff's opposition does not comply with Local Rule 260(b), which requires a party opposing summary judgment to (1) reproduce each fact enumerated in the moving party's statement of undisputed facts and (2) expressly admit or deny each fact. The opposing party is also required to cite evidence in support of each denial. In the absence of the required admissions and denials, the court has reviewed plaintiff's arguments and evidence in an effort to discern whether plaintiff denies any fact asserted in defendant's statement of undisputed facts and, if so, what evidence plaintiff has offered that may demonstrate the existence of a disputed issue of material fact.

In opposition to defendant's motion with regard to her Rehabilitation Act disability discrimination claim, plaintiff argues that an employee has a right under the Family Medical Leave Act to take job-protected leave for the care of a child and that plaintiff's supervisor was aware of her daughter's illness. Plaintiff's argument in this regard, however, misses the mark. Her claims under the FMLA have already been dismissed by the court because plaintiff has no cause of action under that statute. For purposes of the Rehabilitation Act, plaintiff must allege and prove that she was discriminated against on the basis of her disability.

Plaintiff's opposition also addresses the EEO exhaustion process. Plaintiff explains that she exhausted her administrative remedies within the department before contacting the EEO, as required by the EEO. Plaintiff points out that EEO accepted her complaint because she had properly exhausted administrative remedies up the chain of command.

Finally, plaintiff supports her hostile work environment claim under Title VII by arguing in a conclusory manner that her work environment was sufficiently hostile because it caused her to become stressed and depressed, made it necessary for her to take medication, rendered her unable to perform her job as efficiently as before the harassment started, and ultimately led to the loss of her job. Plaintiff asserts that other individuals witnessed some of the

sexual harassment that gave rise to a hostile work environment. However, plaintiff has offered no declarations or affidavits in support of this assertion. Plaintiff also cites no legal authorities in support of her contention that the conduct she experienced was sufficiently severe or pervasive to have altered the conditions of her employment and to have created an abusive work environment imputable to her employer.

In order to prevail on a hostile work environment claim under Title VII, a plaintiff must show that her work environment was "permeated with 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment.'" Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (citation omitted). "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment – an environment that a reasonable person would find hostile or abusive – is beyond Title VII's purview" and is not actionable. Id. "In addition, '[t]he working environment must both subjectively and objectively be perceived as abusive.'" Vasquez v. County of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003) (citation omitted). "[C]onduct must be extreme to amount to a change in the terms and conditions of employment," lest Title VII become nothing more than "a 'general civility code.'" Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1988) (quoting Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80 (1998)). Occasional or isolated incidents are not enough, and the plaintiff must show a concerted and continuous pattern of harassment. Id. at 787 n.1. Here, plaintiff's evidence of a single incident (or at the most occasional incidents) is insufficient to demonstrate the existence of a disputed issue of material fact requiring a trial.[1]

/////

---

[1] Attached to plaintiff's oppositions are copies of portions of documents, but plaintiff's arguments do not include references to those documents and leave the court to guess what the records are intended to prove. The court has reviewed the records submitted but finds them insufficient to create a genuine issue of material fact relevant to any of plaintiff's remaining claims.

On the present record before the court, there does not appear to be even a scintilla of evidence that defendant violated plaintiff's rights under Title VII and the Rehabilitation Act. See Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000) ("A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact" precluding summary judgment); see also Summers v. A. Teichert & Son, Inc., 127 F.3d 1150, 1152 (9th Cir. 1997).

CONCLUSION

In the absence of any evidence of a disputed issue of material fact regarding plaintiff's claims, the undersigned finds that defendant is entitled to summary judgment in his favor on plaintiff's Title VII and Rehabilitation Act claims. Therefore, the undersigned does not find it necessary to address the issue of exhaustion of administrative remedies. After adequate time for discovery, plaintiff has failed to make a showing sufficient to establish the existence of any disputed issue of fact regarding elements essential to her claims and on which she would bear the burden of proof at trial. There is no genuine need for trial in this case. The undersigned will therefore recommend that defendant's motion for summary judgment be granted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's August 11, 2009 motion for summary judgment (Doc. No. 42) be granted; and

2. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed within seven (7) days after the objections are served. The parties are advised that failure to file

/////

9

objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 16, 2010.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\easterly1259.oah.091109.msj.gr